NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| RUSSELL CUCIAK, *pro se*, | : | |
| | : | Civ. No. 05-1860 (GEB) |
| Plaintiff, | : | |
| | : | **MEMORANDUM OPINION** |
| v. | : | |
| | : | |
| PRISON HEALTH CARE | : | |
| SERVICE, INC., *et al.*, | : | |
| | : | |
| Defendants. | : | |

**BROWN, Chief Judge**

     This matter comes before the Court upon the following motions: 1) defendants Correctional Health Services, Inc. (incorrectly named in Complaint as Prison Health Care Services, Inc.), and Maria Alicea for summary judgment; and 2) defendants Theodore Hutler and C. Dey for summary judgment on pro se plaintiff Russell Cuciak's ("Plaintiff") Complaint.  The Court has decided the motion based upon the parties' submissions and without oral argument, pursuant to Federal Rule of Civil Procedure 78.  For the reasons set forth below, defendants' motions for summary judgment are granted in part and denied in part.

## I.  BACKGROUND

     Plaintiff was a detainee at the Ocean County Jail on July 11, 2004.  On or about February 5, 2005, while Plaintiff was detained, he was involved in an altercation with another inmate that resulted in a laceration to Plaintiff's forehead.  Plaintiff was taken to the medical unit where the wound was treated and bandaged.  Plaintiff was given a pain reliever, but was not taken to the

emergency room despite his alleged desire to get the wound stitched at the hospital.  Plaintiff was then housed in the medical unit until February 16, 2005, when he was released back to general population.

On or about April 22, 2005, Plaintiff filed his Complaint alleging constitutional violations under 42 U.S.C. § 1983 and tort claims against the moving defendants and two fictitious defendants.  Plaintiff alleges he was denied proper medical treatment based on their refusal to send him to the emergency room for stitches and further alleges that he was denied safe housing free from infection and disease as a result of his confinement in the medical unit in the midst of an alleged staph infection.  On or about March 7, 2006, defendants Correctional Health Services, Inc., and Mary Alicea moved for summary judgment, and on or about March 13, 2006, defendants Hutler and Dey moved for summary judgment.[1]  Plaintiff has not filed opposition to the defendants' motions.

## II. DISCUSSION

A.  <u>Standard for a Motion for Summary Judgment</u>

A party seeking summary judgment must "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P.  56(c); <u>see</u> <u>also</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986); <u>Orson, Inc. v. Miramax Film Corp.</u>, 79 F.3d 1358, 1366 (3d Cir. 1996); <u>Healy v. New York Life Ins. Co.</u>, 860 F.2d 1209, 1219, n.3 (3d Cir. 1988), <u>cert.</u> <u>denied</u>, 490 U.S. 1098 (1989); <u>Hersh v. Allen Prods. Co.</u>, 789 F.2d

---

[1] Defendants Hutler and Dey requested in their Brief that the Court allow them to join in the arguments made by co-defendants Correctional Health Services, Inc., and Alicea, which the Court grants in the interest of judicial economy.

230, 232 (3d Cir. 1986).  The threshold inquiry is whether "there are any genuine factual issues

that properly can be resolved only by a finder of fact because they may reasonably be resolved in

favor of either party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986)(noting that no

issue for trial exists unless there is sufficient evidence favoring the nonmoving party for a jury to

return a verdict in its favor).  In deciding whether triable issues of fact exist, the Court must view

the underlying facts and draw all reasonable inferences in favor of the non-moving party.  See

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Pennsylvania Coal

Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995); Hancock Indus. v. Schaeffer, 811 F.2d 225,

231 (3d Cir. 1987).

> Rule 56(e) of the Federal Rules of Civil Procedure provides, in relevant part:

> > When a motion for summary judgment is made and supported as provided in
> > this rule, an adverse party may not rest upon the mere allegations or denials of
> > the adverse party's pleading, but the adverse party's response, by affidavits or
> > as otherwise provided in this rule, must set forth specific facts showing that
> > there is a genuine issue for trial.  If the adverse party does not so respond,
> > summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).  The rule does not increase or decrease a party's ultimate burden of proof

on a claim.  Rather, "the determination of whether a given factual dispute requires submission to

a jury must be guided by the substantive evidentiary standards that apply to the case."  Anderson,

477 U.S. at 255.

> Under the Rule, a movant must be awarded summary judgment on all properly supported

issues identified in its motion, except those for which the nonmoving party has provided

evidence to show that a question of material fact remains.  See Celotex, 477 U.S. at 324.  Put

another way, once the moving party has properly supported its showing of no triable issue of fact

and of an entitlement to judgment as a matter of law, for example, with affidavits, which may be "supplemented . . . by depositions, answers to interrogatories, or further affidavits," id. at 322 n.3, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586 (citations omitted); see also Anderson, 477 U.S. at 247-48 (stating that "[b]y its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.").

What the nonmoving party must do is "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 324; see also Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888 (1990)(stating that "[t]he object of [Rule 56(e)] is not to replace conclusory allegations of the complaint . . . with conclusory allegations of an affidavit."); Anderson, 477 U.S. at 249; Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992), cert. denied, 507 U.S. 912 (1993)(stating that "[t]o raise a genuine issue of material fact, . . . the opponent need not match, item for item, each piece of evidence proffered by the movant," but must "exceed[] the 'mere scintilla' threshold and . . . offer[] a genuine issue of material fact.").

The Local Civil Rules supplement the Federal Rules of Civil Procedure and provide that "each side shall furnish a statement which sets forth material facts as to which there exists or does not exist a genuine issue." L. Civ. R. 56.1. "Where possible, a single joint Rule 56.1 statement is favored." Allyn Z. Lite, New Jersey Federal Practice Rules 192 (2006 ed.)(citations

4

omitted).  "Where a joint statement is not prepared, then, under the rule, 'facts submitted in the statement of material facts which remain uncontested by the opposing party are deemed admitted.'" Id. at 193 (citations omitted).  However, "the parties' statements pursuant to Local Rule 56.1 "cannot bind the Court if other evidence establishes that the stipulated facts are in error." Id. (citation omitted).

    B.  Plaintiff has not Demonstrated Deliberate Indifference to Sustain his Claims

As a preliminary matter, the Court again notes that there is no record of Plaintiff filing any opposition to the motions of the defendants despite defendants' certifications of mailing and no record of returned mail.  Consequently, pursuant to Rule, defendants' statements of undisputed facts are deemed admitted as to all properly supported facts.

Defendants moved for summary judgment on the basis that Plaintiff received sufficient medical care above the level of deliberate indifference necessary to sustain his claims.  In Estelle v. Gamble, 429 U.S. 97 (1976), the Supreme Court concluded "that deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' . . . proscribed by the Eighth Amendment." Id. at 104 (internal citation omitted).  Thereafter, the Third Circuit noted that "even though the constitutional protections afforded prisoners and pre-trial detainees against inadequate medical care arise from different textual sources, the standards governing the provision of medical care to each class are similar." Hubbard v. Taylor, 399 F.3d 150, 166 n.22 (3d Cir. 2005)(citing Boring v. Kozakiewicz, 833 F.2d 468, 472 (3d Cir. 1987), cert. denied, 485 U.S. 991 (1988)); see also Natale v. Camden County Corr. Facility, 318 F.3d 575, 581-82 (3d Cir. 2003).  Therefore, "[i]n order to establish a violation of [Plaintiff's] constitutional right to adequate medical care, evidence must show (i) a serious medical need, and

5

(ii) acts or omissions by prison officials that indicate deliberate indifference to that need."

Natale, 318 F.3d at 582.

Here, the essence of Plaintiff's allegation of inadequate medical treatment was that his request to be taken to the emergency room for stitches was denied in favor of bandaging the wound at the jail.  However, courts will "disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment . . . (which) remains a question of sound professional judgment.  Implicit in this deference to medical authorities is the assumption that such an informed judgment has, in fact, been made."  Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979)(internal citation omitted).

In his Complaint, Plaintiff merely alleged that at the time of the initial treatment, it was his own determination that he should receive stitches.  Although Plaintiff later stated in his deposition that two doctors who examined him following his treatment indicated that the laceration should have been stitched, "the law is clear that simple medical malpractice is insufficient to present a constitutional violation."  Durmer v. O'Carroll, 991 F.2d 64, 67 (3d Cir. 1993)(citing Estelle, 429 U.S. at 106).  Therefore, summary judgment is granted with respect to Plaintiff's claims of inadequate medical care against the fictitious defendants.[2]

Plaintiff alleged several claims against Alicea, who Plaintiff admitted is a supervisor that never personally provided him with medical care.  (Pl.'s Dep. at 94.)  This Court has previously held that defendants with no direct contact or direct supervisory involvement with inmates are

---

[2] Although the fictitious defendants, having never been named, were unable to move for summary judgment, Plaintiff had notice of the moving defendants' motions for summary judgment on the same grounds.  Therefore, the Court may *sua sponte* grant summary judgment on the claims against the fictitious defendants.  See Asbury Park Bd. of Educ. v. Hope Acad. Charter Sch., 278 F. Supp. 2d 417, 420 n.2 (D.N.J. 2003)(citations omitted).

entitled to summary judgment unless the plaintiff can show personal involvement by the defendant in the incidents that are alleged to have violated plaintiff's civil rights.  See Taylor v. Plousis, 101 F. Supp. 2d 255, 263 (D.N.J. 2000)(citations omitted).  Failing to do so here, summary judgment is granted with respect to Plaintiff's claims of inadequate medical care against Alicea.

Plaintiff also alleged that Dey and Correctional Health Services, Inc., were vicariously responsible for the allegedly inadequate medical care provided to Plaintiff.  However, in Taylor, this Court held that in order to assert such a claim, Plaintiff is required to "show that a constitutional deprivation resulted from an official custom or policy or, alternatively, from the actions of an official with 'final authority to establish . . . policy.'"  Id. at 264 (citing Pembaur v. City of Cincinnati, 475 U.S. 469, 480-81 (1986)).  Here, Plaintiff has not demonstrated that a constitutional deprivation occurred in connection with the medical treatment he received in connection with the laceration, nor that it resulted from an official custom or policy or from the actions of an official with the authority to establish such policy.  Therefore, summary judgment is granted with respect to Plaintiff's vicarious liability claims against these defendants.

The moving defendants failed to address Plaintiff's conditions of confinement and tort claims in any of their respective submissions.  Consequently, the Court cannot reasonably determine that there are no genuine issues of material fact and therefore must deny defendants' motions for summary judgment with respect to those claims.

**III.  CONCLUSION**

For the foregoing reasons, defendants' motions for summary judgment are granted in part and denied in part.  An appropriate form of order accompanies this Memorandum Opinion.


Dated: May 5, 2006


      s/ Garrett E. Brown, Jr.
GARRETT E. BROWN, JR., U.S.D.J.

8