NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| RUSSELL CUCIAK, *pro se*, | : |
| Plaintiff, | : Civ. No. 05-1860 (GEB) |
| v. | : **MEMORANDUM OPINION** |
| PRISON HEALTH CARE SERVICE, INC., *et al.*, | : |
| Defendants. | : |

**BROWN, Chief Judge**

This matter comes before the Court upon the following motions: 1) defendants Correctional Health Services, Inc. (incorrectly named in Complaint as Prison Health Care Services, Inc.), and Maria Alicea's supplemental motion for summary judgment; and 2) defendants Theodore Hutler and C. Dey's motion for partial summary judgment on pro se plaintiff Russell Cuciak's ("Plaintiff") Complaint. The Court has decided the motions based upon the parties' submissions and without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, defendants' motions for summary judgment are granted.

**I. BACKGROUND**

The following facts were set forth in the Court's May 5, 2006 Memorandum Opinion addressing the defendants' previous motions for summary judgment and are repeated here where relevant. Plaintiff was a detainee at the Ocean County Jail on July 11, 2004. On or about

February 5, 2005, while Plaintiff was detained, he was involved in an altercation with another inmate that resulted in a laceration to Plaintiff's forehead. Plaintiff was taken to the medical unit where the wound was treated and bandaged. Plaintiff was given a pain reliever, but was not taken to the emergency room despite his alleged desire to get the wound stitched at the hospital. Plaintiff was then housed in the medical unit until February 16, 2005, when he was released back to general population.

On or about April 22, 2005, Plaintiff filed his Complaint alleging constitutional violations under 42 U.S.C. § 1983 and tort claims against the moving defendants and two fictitious defendants. Plaintiff alleged that he was denied proper medical treatment based on the defendants' refusal to send him to the emergency room for stitches and further alleges that he was denied safe housing free from infection and disease as a result of his confinement in the medical unit in the midst of an alleged staph infection. On or about March 7, 2006, defendants Correctional Health Services, Inc., and Maria Alicea moved for summary judgment, and on or about March 13, 2006, defendants Hutler and Dey moved for summary judgment, joining in the arguments made by co-defendants Correctional Health Services, Inc., and Alicea. Plaintiff did not file opposition to the defendants' motions.

On May 5, 2006, the Court granted in part and denied in part the defendants' motions for summary judgment, leaving only Plaintiff's claims regarding tort and conditions of confinement claims that had been unaddressed by defendants. Thereafter, as noted above, the defendants filed the instant motions for summary judgment on the remaining counts of Plaintiff's Complaint. Plaintiff has not filed opposition to either motion despite the certificates of service indicating that Plaintiff should have received the defendants' submissions.

**II. DISCUSSION**

  A. Standard for a Motion for Summary Judgment

  A party seeking summary judgment must "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Orson, Inc. v. Miramax Film Corp., 79 F.3d 1358, 1366 (3d Cir. 1996); Healy v. New York Life Ins. Co., 860 F.2d 1209, 1219, n.3 (3d Cir. 1988), cert. denied, 490 U.S. 1098 (1989); Hersh v. Allen Prods. Co., 789 F.2d 230, 232 (3d Cir. 1986). The threshold inquiry is whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986)(noting that no issue for trial exists unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict in its favor). In deciding whether triable issues of fact exist, the Court must view the underlying facts and draw all reasonable inferences in favor of the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Pennsylvania Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995); Hancock Indus. v. Schaeffer, 811 F.2d 225, 231 (3d Cir. 1987).

  Rule 56(e) of the Federal Rules of Civil Procedure provides, in relevant part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e). The rule does not increase or decrease a party's ultimate burden of proof on a claim. Rather, "the determination of whether a given factual dispute requires submission to a jury must be guided by the substantive evidentiary standards that apply to the case." Anderson, 477 U.S. at 255.

Under the Rule, a movant must be awarded summary judgment on all properly supported issues identified in its motion, except those for which the nonmoving party has provided evidence to show that a question of material fact remains. See Celotex, 477 U.S. at 324. Put another way, once the moving party has properly supported its showing of no triable issue of fact and of an entitlement to judgment as a matter of law, for example, with affidavits, which may be "supplemented . . . by depositions, answers to interrogatories, or further affidavits," id. at 322 n.3, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586 (citations omitted); see also Anderson, 477 U.S. at 247-48 (stating that "[b]y its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.").

What the nonmoving party must do is "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 324; see also Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990)(stating that "[t]he object of [Rule 56(e)] is not to replace conclusory allegations of the complaint . . . with conclusory allegations of an

4

affidavit."); Anderson, 477 U.S. at 249; Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992), cert. denied, 507 U.S. 912 (1993)(stating that "[t]o raise a genuine issue of material fact, . . . the opponent need not match, item for item, each piece of evidence proffered by the movant," but must "exceed[] the 'mere scintilla' threshold and . . . offer[] a genuine issue of material fact.").

    The Local Civil Rules supplement the Federal Rules of Civil Procedure and provide that "each side shall furnish a statement which sets forth material facts as to which there exists or does not exist a genuine issue."  L. Civ. R. 56.1.  "Where possible, a single joint Rule 56.1 statement is favored."  Allyn Z. Lite, New Jersey Federal Practice Rules 192 (2006 ed.)(citations omitted).  "Where a joint statement is not prepared, then, under the rule, 'facts submitted in the statement of material facts which remain uncontested by the opposing party are deemed admitted.'"  Id. at 193 (citations omitted).  However, "the parties' statements pursuant to Local Rule 56.1 "cannot bind the Court if other evidence establishes that the stipulated facts are in error."  Id. (citation omitted).

    B.  <u>Plaintiff Failed to File a Notice of Tort Claim</u>

    The Court again notes that there is no record of Plaintiff filing any opposition to the defendants' motions despite defendants' certifications of mailing and no record of returned mail.  Consequently, pursuant to Rule, defendants' statements of undisputed facts are deemed admitted as to all properly supported facts.

Defendants Hutler and Dey moved for summary judgment on Plaintiff's tort claim on the basis that Plaintiff failed to file a Notice of Tort Claim as required by the New Jersey Tort Claims Act. See N.J. Stat. Ann. §§ 59:8-3, 59:8-8. Given the requirement that the Court construe a pro se plaintiff's complaint liberally, see Alston v. Parker, 363 F.3d 229, 234 (3d Cir. 2004), the Court had previously discerned a tort claim in Plaintiff's Complaint due to his vague mention of tort and his wording of the counts in his Complaint. The explicit tort claims against the fictitious defendants were previously dismissed by the Court in granting the defendants' motions for summary judgment and the remaining tort claim is discerned from Plaintiff's allegation against defendant Dey in Paragraph 39 of his Complaint.

However, the Court must dismiss tort claims where the plaintiff failed to timely file a Notice of Claim before filing tort claims against a "public entity or public employee" in accordance with the New Jersey Tort Claims Act. See County Concrete Corp. v. Town of Roxbury, 442 F.3d 159, 173-74 (3d Cir. 2006)(citations omitted). The Court finds that defendant Dey is a public employee within the definition set forth in the Tort Claims Act and the requirements of the Act thereby apply to suits filed against him. See N.J. Stat. Ann. § 59:1-3.

Plaintiff bears the burden of demonstrating a genuine issue of material fact for trial, but did not file opposition to defendants' motions. Consequently, with no evidence to suggest otherwise, the Court finds that Plaintiff failed to File a Notice of Claim prior to filing suit against public employees and summary judgment is granted with respect to Plaintiff's tort claim against defendant Dey.

  C. Plaintiff Failed to Demonstrate Evidence of Punishment to Support his Conditions of Confinement Claims

The remaining claims from Plaintiff's Complaint are the conditions of confinement claims due to Plaintiff allegedly being forced to sleep on the floor in an overcrowded cell resulting in Plaintiff getting a staph infection. As the Third Circuit clarified in Hubbard v. Taylor, 399 F.3d 150, 166-67 (3d Cir. 2005), the Supreme Court's decision in Bell v. Wolfish, 441 U.S. 520 (1979), established the standard for conditions of confinement claims by pre-trial detainees.

The Supreme Court stated that the proper inquiry in evaluating the constitutionality of conditions of pretrial detention "is whether those conditions amount to punishment of the detainee." Id. at 535 (footnote omitted). Thus, "[a]bsent a showing of an expressed intent to punish on the part of detention facility officials, that determination generally will turn on 'whether an alternative purpose to which [the restriction] may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned [to it].'" Id. at 538 (citations omitted). Essentially, if a condition or restriction imposed upon a pretrial detainee is reasonably related to a legitimate governmental objective, then it does not, without more, constitute punishment. Id. at 539 (footnote omitted). However, if that restriction or condition is not reasonably related to such a legitimate objective, courts may construe the purpose of that governmental action to be unconstitutional punishment. Id. (citation and footnote omitted).

7

Defendants Hutler and Dey assert that prison overcrowding is reasonably connected to the legitimate government objective of detaining inmates who cannot make bail.  Although the Court finds that rationale lacking, Plaintiff did not oppose the defendants' respective motions and thus failed to make a showing of "an expressed intent to punish" as required by <u>Bell</u>.  Additionally, Plaintiff has made no showing that the remaining co-defendants had any authority over housing at the jail.  Consequently, Plaintiff's conditions of confinement claims fail against all defendants and summary judgment is granted to defendants with respect to the remaining counts of Plaintiff's Complaint.

## III.  CONCLUSION

For the foregoing reasons, defendants' motions for summary judgment are granted.  An appropriate form of order accompanies this Memorandum Opinion.

Dated: July 10, 2006

                                                         s/ Garrett E. Brown, Jr.
                                                        GARRETT E. BROWN, JR., U.S.D.J.